## LARSEN v. BURKE.

CONVEYANCE. When set aside on the ground of accident and mistake.

*Appeal from Lee Circuit Court.*

39 703 113 639

TUESDAY, SEPTEMBER 22.

THIS is a suit in equity, to set aside and cancel certain conveyances of real property, on grounds of fraud, accident and mistake.

The court rendered a decree for the plaintiff, from which defendant appeals.

*Sprague & Gibbons*, for appellant.

*Gillmore & Anderson*, for appellee.

MILLER, CH. J.—It is alleged in the petition that on or about the 29th day of October, 1870, the defendant sold and conveyed by warranty deed to one Eli Ramsey, five lots in Gate addition to the city of Keokuk, Iowa,

which lots were at that time represented by defendant to be upon the top of a hill or ridge, and were so pointed out and shown by him to said Ramsey, "which lots so pointed out and shown were nice lots, high, nearly level, and overlooked the city of Keokuk, and were of the value of five hundred dollars;" that at the time of the sale and conveyance of the lots, Ramsey executed his promissory note to the defendant for five hundred dollars, and a mortgage to secure the same upon the lots so conveyed by defendant to Ramsey; that afterwards, on the 5th day of August, 1871, Ramsey sold and conveyed said lots to one S. H. Johnson, the said Johnson taking the title thereto subject to, and agreeing to pay the five hundred dollars secured by, the Ramsey mortgage; that at the time of such sale to Johnson, Ramsey and defendant pointed out the lots, as was done by the defendant at the time of the sale thereof to Ramsey, as being on the top of the hill, overlooking the city of Keokuk; that on the 1st day of November, 1871, Johnson paid to the defendant the full amount of the five hundred dollar mortgage; that on said last named day the plaintiff loaned to Johnson five hundred dollars and took a mortgage upon the said lots, Johnson at the time supposing and representing the lots to lay as they had been represented and pointed out to him by Ramsey and the defendant, and the plaintiff on the strength of such representation advanced and loaned the said five hundred dollars, accepting as security therefor a mortgage on said lots. It is further alleged that in pointing out the lots and representing their location, the defendant was either mistaken or was guilty of a fraud, for the lots actually conveyed are not the lots pointed out and shown by Burke, but other and different lots, and are rough, uneven, broken, lay in a hollow, and are not worth forty dollars each. It is further alleged that Johnson has sold and assigned his interest and cause of action to the plaintiff, who tenders to the defendant a conveyance back of the lots properly executed, and offers to satisfy the mortgage thereon, and asks for a decree against the defendant for the amount of such mortgage with interest, and for general relief.

The court found and adjudged that the conveyance from the defendant Burke to Ramsey of the lots described, "be set aside and held for naught, as the result of accident and mistake," etc. The court also rendered a judgment for plaintiff as prayed, for the sum of $563.66 and costs.

The only objection urged by counsel for appellant, to the decree of the court below, is that the allegations of the petition are not established by the evidence. After a careful reading and re-reading of the evidence, we are brought to the same conclusions reached by the court below, and that its judgment must be

AFFIRMED.