| 81 | 463 |
| 119 | 316 |

OMAHA & ST. LOUIS RAILWAY COMPANY, Appellee, v. JAMES O'NEILL, Sheriff, et al., Appellants.

1. Change of Venue: APPLICATION BY NOMINAL PARTY. A defendant who is only a nominal party to a cause cannot compel a change in the place of trial without the concurrence of his codefendant who is the real party in interest, and who has filed an answer to plaintiff's petition prior to the application for a ransfer of the cause.

2. **Mortgage: FORECLOSURE: DECREE: EFFECT.** Where in a suit for the foreclosure of a mortgage an issue is presented involving the rights of all parties having or claiming any interest in the property claimed under the mortgage, the determination of such issue by a court of competent jurisdiction is conclusive upon one who was then a mere general creditor of the mortgagor.

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

TUESDAY, OCTOBER 28, 1890.

THIS is an action in equity for an injunction to restrain the defendant O'Neill, who is sheriff of Pottawattamie county, from selling, at sheriff's sale, certain real estate and certain shares in a corporation, upon an execution issued upon a judgment rendered in Des Moines county district court, in an action in which one B. R. Westfall was plaintiff, and the Wabash, St. Louis & Pacific Railway Company was defendant. Said judgment is now the property of the defendants, Polk & Hubbell. The ground upon which the plaintiff seeks the injunction is that the property levied upon is not the property of the defendant in execution, but that it is the property of the plaintiff. A preliminary injunction was issued as prayed, which, upon final hearing, was made perpetual. The defendants appeal.

*H. S. Priest* and *F. T. Hughes*, for appellants.

*Theo. Sheldon*, for appellee.

ROTHROCK, C. J.—I. The first question arising upon the record is whether the court should have changed the place of trial to Pottawattamie county, in pursuance of a motion made by the defendant O'Neill. Counsel for appellants insist that the court erred in overruling the motion. Thomas O'Neill, the sheriff, is a resident of Pottawattamie county. The defendants, Polk & Hubbell, are residents of Polk county, and the

1. CHANGE of venue: application by nominal party.

judgment was rendered in, and the execution issued from, Des Moines county. The petition for an injunction was filed on the fifth day of March, 1888, and, on the tenth day of the same month, Polk & Hubbell filed their answer. On the thirtieth day of the same month, the defendant O'Neill filed a motion for a change of the place of trial. The defendants, Polk & Hubbell, did not join in this motion. O'Neill did not, at any time, file an answer in the case, and, on the final decree, he was adjudged to be in default for want of an answer. It is provided by section 2589 of the Code that, "if a suit be brought in the wrong county, it may there be prosecuted to a termination, unless the defendant, before answer, demands a change of place of trial to the proper county." It is not pretended that O'Neill has any personal interest in the action. For the purposes of this case, he is a mere ministerial officer of the law, in a state of inaction, pending the litigation between the plaintiff and the defendants, Polk & Hubbell, the real parties defendant. Polk & Hubbell filed the only answer that was filed before the motion for change of venue was made. The motion came too late to be of benefit to them, and the statute does not contemplate that a merely nominal party, without the concurrence of the real parties, may compel a transfer. The real question at issue was tried in the district court of Des Moines county by the real parties in interest, without objection, and this court is not called upon to determine for them whether it was tried in the proper county.

II. We come now to a consideration of the merits of the case. It involves but one ultimate question, **2. MORTGAGE : foreclosure : decree : effect.** which is, whether the property levied upon is owned by the plaintiff, the Omaha & St. Louis Railway Company. The said plaintiff claims to be the owner, through the foreclosure of a mortgage dated February 15, 1879, a foreclosure sale thereunder, and a master's deed of the date of March 29, 1887, and a supplementary decree dated

October 7, 1887. The defendants claim under a judgment recovered December 30, 1885, in the circuit court of Des Moines county, an execution issued from that court dated November 21, 1887, and a transcript of said judgment filed in Pottawattamie county, November 23, 1887, and a levy made December 1 in the same year. The property in dispute is situated in Pottawattamie county. It will be conceded for the purposes of this case that, if the transcript of the judgment had been filed in Pottawattamie county before the said foreclosure suit was commenced, the judgment would have been a lien upon the property. This concession is made to avoid a voluminous statement of the contents of certain deeds, mortgages, decrees of foreclosure and other documents set out in the record. They are all immaterial to the vital question in the case. The mortgage under a foreclosure of which the plaintiff claims the property in controversy describes the property mortgaged in these words: "All and every part and parcel of the continuous line of railroad aforesaid, and all right, title and interest therein, as now owned, leased and held by the said St. Louis, Kansas City & Northern Railway Company, commencing at said Elm Flats, near Pattonsburg in the state of Missouri, and extending through the counties of Daviess, Gentry, Nodaway and Atchison, in said state of Missouri, and through the counties of Page, Fremont, Mills and Pottawattamie, in the state of Iowa, to the city of Council Bluffs, in said state, as said railroad now is, or may be hereafter, constructed, maintained, operated or acquired, together with all the privileges, rights, franchises, real estate, right of way, depots, depot grounds, sidetracks, water-tanks, engines, cars and other appurtenances thereunto belonging." If this description includes the property levied upon in this case, the decree of the district court is correct, becauses it is not claimed that the proceedings in the foreclosure suit were not in all respects regular. The property levied upon by O'Neill, sheriff, as shown by his return, is as follows: "About three acres of ground situated in

northwest quarter of section 2, and in southwest quarter of southwest quarter of section 35, township 74, range 44, now occupied by the buildings and grounds of the Union Elevator Company of Council Bluffs, Iowa ; also, the following personal property :   All the stock and shares of stock, consisting of four hundred and sixty-seven shares, more or less, of the nominal value of one hundred dollars per share, in the certain corporation known as the 'Union Elevator Company,' of Council Bluffs, Iowa, and all the interest of the said Wabash, St. Louis & Pacific Railway Company in said corporation, and the assets thereof."

It should have been stated that the action for the foreclosure of the mortgage was in the circuit court of the United States for the southern district of Iowa. The question was submitted to the court in the action for foreclosure, whether the above-described Union Elevator property and the shares of stock were included in the said mortgage, and it was held that it was so included, and that it was part of the mortgaged property. That question was not one presented to that court merely to settle the claims made by the receivers appointed by the federal courts in Missouri and Iowa. So far as appears, all parties having any interest in the railroad mortgaged and its appurtenances were parties to that action.  Counsel for defendants makes some claim to the effect that, by a strict foreclosure of a mortgage, nothing is subject to the mortgage, except the property described, and that, in such a proceeding, no such orders are made as was entered by the federal court.  But this was not a strict foreclosure.  The action involved all of the rights of all of the parties to all the property embraced in the mortgage, and it was a question for the federal court to construe the mortgage, and determine just what property was mortgaged.  The defendants have no right to complain of the decision of the federal court.  At that time, they had no lien against the Wabash, St. Louis & Pacific Railroad Company upon any property outside of Des Moines county. It is possible that they might have presented a case

entitling them to relief, upon the ground that the Wabash Company and the plaintiff herein, by fraud and collusion, obtained a decree including property that was not mortgaged. But no such claim is made. The defendants were mere general creditors without liens, and they have no right to question the construction placed upon the mortgage by the federal court. It is claimed that an appeal was taken from said order to the supreme court of the United States, and that the appeal is still pending. But it appears that the order was not suspended by bond, and, unless so suspended, the order remains in full force. *Kourtze v. Omaha Hotel Co.*, 107 U. S. 378; 2 Sup. Ct. Rep. 911. It is claimed further that an action in equity cannot be maintained, because the property involved in the action is personal property, in the nature of choses in action. But the return of the sheriff shows that he made a levy upon real estate; and the order made by the federal court includes the shares of stock as incident to the elevator property. We have not thought it necessary to refer to the numerous authorities cited by counsel. We have preferred to determine the cause upon well-established fundamental principles. We cannot follow counsel into the examination of authorities upon the rights of lienholders. These defendants were not lienholders at any time. When they filed their transcript of the judgment in Pottawattamie county, the judgment defendant had no interest in this elevator property, nor in the shares of stock in the corporation.

The decree will be AFFIRMED.