FORREST HENRY vs. THOMAS J. MEIGHEN, impleaded, etc.

July 17, 1891.

Action to Vacate Judgment or for Restitution of Excess Collected— Relief Grantable.—Where the complaint alleged that a judgment was obtained by fraud and perjury, also that there had been collected on it and retained by the judgment creditor an amount in excess of the amount of the judgment, the relief demanded being that the judgment be vacated and restitution made of all that had been collected on it, or, if such relief be not granted, that the plaintiff recover what the judgment creditor had collected in excess of the amount of the judgment, it was competent for the court to render judgment in plaintiff's favor for the amount of such excess, although it held that he was not entitled to have the judgment vacated. Such relief was consistent with the case made by the complaint, and embraced within the issue.

Same—Accounting by Judgment Creditor—Land Bought at Execution Sale.—The judgment creditor, in order to satisfy a balance due on the judgment, legally sold a tract of land on execution, and bid it in himself for more than the amount due on the judgment, but for less than the value of the land. Held, that he was only liable to account for the amount of his bid in excess of the amount due on the judgment.

Same—Land not Owned by Debtor.—Where he sold on execution, and bid in land in which the execution debtor had no interest, he was not liable to account to the latter for the amount bid.

August 12, 1891.

Costs in Supreme Court—Modification of Judgment.—Where the supreme court, on appeal from an order refusing a new trial, modifies the order for judgment of the court below, appellant is the prevailing party, and entitled to costs.

Same—Disbursement for Printing, when not Allowed.—Where matter that is irrelevant to any issue involved in the appeal is brought into the record, appellant, though the prevailing party, will not be allowed to recover his disbursements for printing such matter. [REPORTER.

Appeal by defendant Meighen (impleaded with the First National Bank of Springfield, Vt.,) from an order of the district court for Fillmore county, *Farmer*, J., presiding, refusing a new trial.

*H. S. Bassett, Gray & Thompson,* and *C. Wellington,* for appellant.

*H. R. Wells,* for respondent.

MITCHELL, J. The complaint alleges the rendition of a personal judgment for $4,067 against the plaintiff, in a foreclosure suit in which the defendant bank was plaintiff, and the plaintiff here, with others, was defendant; that this judgment was obtained by fraud and perjury; that it has been assigned to defendant Meighen, with notice of that fact; that there has been collected and realized on it $2,993 by sale of the mortgaged premises, $2,000 by execution sale of other real estate of plaintiff, and $406 cash attached and collected on garnishment, in all exceeding the amount of the judgment about $1,000. The relief asked is that the judgment, so far as it is a personal one, and the execution sale thereunder, be vacated, and that plaintiff recover the $406 cash, or, if such relief be not granted, that plaintiff have judgment against defendant Meighen for the amount he has collected and retained in excess of the judgment. The court decided that plaintiff was not entitled to have the judgment vacated, but was entitled to recover the amount in excess of the judgment which Meighen had collected and retained. As the plaintiff does not appeal, all questions as to the alleged fraud and perjury in obtaining the judgment are out of the case. The judgment must therefore be accepted as having been a valid one.

1. The defendant makes the point that, inasmuch as the court found that plaintiff had failed to make out a case to have the judgment vacated, therefore it had no jurisdiction to grant the relief it has in this action. There is clearly nothing in this point. The allegations of the complaint were amply sufficient to entitle the plaintiff to the relief granted. It was consistent with the case made by

the complaint, and embraced within the issue. There was nothing inconsistent in the alternative relief prayed for. The main purpose of the action was restitution of the property and money taken on the judgment, and as a means to this end it was sought to have the judgment itself set aside, but, failing in obtaining this full measure of relief, the plaintiff asked at least to have restitution of what defendant had received and retained in excess of the amount of the judgment.

2. The only other question in the case is how much, if anything, in excess of the judgment, the defendant has collected. He claims that the $2,993 net proceeds of the foreclosure sale should not have been credited on the judgment. It appears that the suit referred to was brought to foreclose two mortgages, one executed by Hyren Henry, on which there was due some $3,000, and one executed by plaintiff, which the bank held as collateral security for the former; and it is claimed that the whole, or at least the half, of the proceeds of the sale should have been applied on the amount due on the Hyren Henry mortgage. It is wholly unnecessary to go into the history of these transactions, for the question is settled by the terms of the judgment or decree in the foreclosure suit. It was only the lands covered by the mortgage executed by plaintiff that were sold, and out of which exclusively the $2,993 was realized. The pleadings in the foreclosure suit, as well as in the present action, proceeded upon the assumption that these were the lands of the plaintiff, and that he was entitled to credit on the judgment for their proceeds; and the decree was "that execution may issue for any balance that may remain due thereon [the judgment against plaintiff, the only person against whom personal judgment was rendered] after applying the avails of said lands."

On December 28, 1883, the defendant sold on execution, and himself bid in, for $1,500, certain land belonging to the plaintiff, which the court finds was worth $2,000, (and the evidence justified the finding;) and also bid in for $500 certain other land, in which plaintiff had no interest whatever. As the court charges the defendant with $2,000 on account of this execution sale, he must have either included in the computation the $500 bid on the lands not owned by plaintiff, or charged the defendant with the value of the other land,

instead of the amount for which it sold. Either of these would be erroneous. By assuming to sell and bid in lands not owned by the plaintiff, the defendant gained nothing and the plaintiff lost nothing. Consequently defendant should not be charged with anything on that account. At the time of this execution sale there was still over $1,100 due on the judgment. Consequently the sale of the other land owned by plaintiff was authorized; and, there being no claim that it was not legally and fairly conducted, all that defendant is chargeable with is what the land sold for, and all he is required to account for is the surplus of his bid after satisfying the judgment in full. Allowing interest on the judgment, this surplus, as we compute it, was $187.68. This and the $406 cash, (about which there is no dispute,) with interest, is what plaintiff is entitled to recover. The judgment to which he was entitled was therefore for $593.68, with interest on $187.68 thereof from December 28, 1883, and on the $406 from July 2, 1884.

The cause is remanded, with directions to the court below to amend its findings and order for judgment in accordance with this opinion.

---

After the filing of the foregoing opinion, each party, claiming to be the prevailing party, served notice of taxation of costs. In the appellant's bill were the following items of disbursements, each of which was objected to by the respondent:

| | |
|---|---|
| One half of cost of transcript of evidence by short hand reporter in district court - - - - - - - - | $ 11.90 |
| Return on appeal: copy of settled case, pleadings, etc., 610 folios, 10 cents per folio, and certificate to same, 50 cents - - - | 61.50 |
| Paid for printing, to wit: | |
| Appellant's paper book, 258 pages, $1 per page, and cover, $1 - | 259. |
| Appellant's brief, 39 pages, $1 per page, and cover $1 - - | 40. |

The objections to the printing charges were that a reasonable price is not to exceed 80 cents per page, and the respondent specially objected that 27 specified items of the paper book, comprising 207 pages, and four specified items in the brief, comprising 21 pages, were unnecessary for the hearing of the case on appeal, and should not have been printed. And the same objection—that it was unnec-

essary—was made to the greater part of the return on the appeal. The objections to the item of $11.90 for transcript of reporter's notes, were that it was ordered by the district court for use at the hearing in that court, and was taxable only in that court, and had in fact been taxed in that court by stipulation.

The applications for taxation coming on for hearing before the clerk, the whole matter was, by stipulation of the parties, submitted to the court for determination, without previous taxation by the clerk and appeal therefrom. The following opinion was filed August 12, 1891:

*By the Court.* When this court modifies the judgment of the court below, the appellant is the prevailing party, and entitled to costs. It is also the settled rule of this court that, upon appeal from an order denying a new trial, the point may be made that the findings of fact did not justify the conclusions of law. It follows that in this case the appellant is entitled to costs. But the printed paper book contains a great mass of immaterial matter that was utterly irrelevant to any issues involved in this appeal, and should never have been printed. A great part of the evidence introduced on the trial had reference to the question whether the judgment and decree in the foreclosure suit had been obtained by fraud and perjury, and consequently should be vacated and set aside. This issue, having been decided by the trial court in favor of the appellant, was not involved, and could not be considered for any purpose, on this appeal. The assumption of appellant that it was necessary, in order to protect his interests, to incorporate in the record the evidence bearing upon this issue, must have proceeded upon the erroneous impression either that this court will decide questions not presented by the appeal, or that its decision on the questions before it will be influenced by the state of the evidence upon questions not before it. Without having taken the time to count with exactness the number of folios of irrelevant matter contained in the paper book, we have examined it sufficiently to satisfy us that 100 pages would have been more than enough to include everything that could have had any possible bearing upon any question raised on the appeal. The practice of including in the pa-

per book a crude and undigested mass of irrelevant and immaterial matter has become so common in this day of stenographers and type-writers as to become a positive abuse, which adds greatly to the labors of this court; and we will not hesitate, whenever the subject is called to our attention, to disallow any disbursements for the printing of all such unnecessary matter. It is therefore ordered that the appellant be allowed only $100 for printing the paper book in this case; also that the item of $11.90, cost of transcript of evidence, be disallowed,—the affidavit of respondent's attorney, that it has been allowed and taxed in the costs in the district court, not being controverted by the appellant. The other items contained in appellant's proposed bill of costs are allowed.