S. H. Hogueland, Appellant, v. William Arts, Appellee.

**Delivery:** NON-MEETING OF MINDS ON CONSIDERATION FOR DEED: *Relief in equity.* Where a deed was fraudulently received by the grantee who stamped and filed the same for record and took possession of the property described therein, and there had been no meeting of the minds of the grantor and the grantee

as to the consideration for the proposed transfer, the grantor suing for specific performance or cancellation of the deed and recovery of the property, should be given a decree of cancellation and possession.

**Equity Jurisdiction:** FAILURE TO SHOW RIGHT TO EQUITABLE RELIEF: *Waiver by failure to move transfer.* Under Code, section 3775, authorizing the court to grant any relief consistent with the case made by the petition and embraced within the issues, the plaintiff suing in equity for the possession of property, and setting up facts sufficient to show his right to such possession, is entitled to a decree for possession without showing a right to equitable relief, where defendant made no motion to transfer the case to a law court.

FRAUDULENT DELIVERY: *Adequate remedy at law.* Where, without delivery to him, a deed was stamped by grantee and filed for record, and he took possession of the property described therein, a bill to set aside such deed as a cloud on title, and restore possession of the land was improperly dismissed on the ground that the grantor, having an adequate and complete remedy at law, had no remedy in equity.

ELECTION OF REMEDIES: *Suit for specific performance by agent or vendor.* Where a deed was fraudulently received by the grantee who stamped and filed the same for record, and took possession of the property described therein, and the agent who negotiated the transfer for the grantor commenced an action in the latter's name, but without authority, for specific performance of the contract and the grantor dismissed the action on discovery, such an action should not be considered as an election to treat the contract as valid, and was no bar to a suit for cancellation of the deed and possession of the property, on the ground of fraud.

**Pleading:** ALTERNATIVE RELIEF: *When not contradictory and inconsistent.* Where the prayer of a petition asking that a deed be set aside and the grantee required to deliver possession of the property involved was amended so as to ask that, if the deed be found valid, the grantee be compelled to perform specifically, and the grantee have a vendor's lien on the property conveyed, the prayer was not rendered inconsistent and contradictory by such amendment, and a motion to strike out the same was improperly sustained.

**Notice of Appeal:** SIGNATURE BY ATTORNEY SUFFICIENT    A notice of appeal from a decree, reciting that plaintiff appealed therefrom, and signed by plaintiff's attorneys on behalf of their client is not defective because not signed by the client.

TRIAL DE NOVO: *Assignment of error necessary as to rulings on motions and demurrer.* Where no error was assigned to the

rulings on a motion to strike out an amendment and on demurrer to the answer in an equity case, such rulings cannot be reviewed on appeal, though the case is tried de novo.

ASSIGNMENT IN CONNECTION WITH ARGUMENT: *When sufficient.* Where an assignment challenging a ruling on a motion to strike out an amended prayer in a petition was found in connection with appellant's argument, such assignment was sufficient to bring the ruling up for review on appeal.

*Appeal from Carroll District Court.*—HON. Z. A. CHURCH, Judge.

SATURDAY, APRIL 13, 1901.

SUIT in equity to set aside a deed and to recover the possession of real estate. Various interlocutory orders were made that will be referred to in the body of the opinion. On the issues as finally settled the case was tried to the court, resulting in a decree dismissing plaintiff's petition, and he appeals.—*Reversed.*

*George W. Bowen* and *F. M. Powers* for appellant.

*Salinger & Korte* for appellee.

DEEMER, J.—Appellee filed a motion to dismiss the appeal because the notice thereof was signed "George W. Bowen and F. M. Powers, Attorneys for Plaintiff." The notice recites that plaintiff appealed from the judgment, and is signed as indicated. Surely, an attorney may act for his client in giving notice of appeal. The notice shows that it was signed by the attorneys for and on behalf of their client, and it is sufficient. *Searles v. Lux,* 86 Iowa, 61, and cases cited in 2 Enc. Pl. & Prac. p. 214.

II. The petition alleges, in substance, that plaintiff is the owner of the premises; that one Park, his agent, was instructed to exchange the same for some property owned by Arts, provided that he (Arts) would pay $4,000 in cash in addition to the property; that he sent Park a deed for his property, with the name of the grantee

left blank, for the purpose of effectuating the exchange, to
be made when the $4,000 was paid; that Park, pursuant to
his authority, met Arts, and orally agreed to the exchange;
that he (Park) left plaintiff's deed with one Wahl, in-
structing him to hold it until he (Park) returned to com-
plete the exchange; that, in violation of his agreement, Wahl
delivered the deed to Arts, who placed revenue stamps there-
on, canceled the same in the name of the plaintiff, recorded
the deed, and hurriedly moved into the property conveyed,
without the knowledge or consent of plaintiff; that defend-
ant failed and refused, and still fails and refuses, to carry
out the oral agreement of exchange; that the deed was never
in fact delivered.   The prayer is that the deed be set aside,
that defendant be required to surrender possession, "and for
such other and further relief as may deemed equi-
table in the premises."   After the filing of the an-
swer, plaintiff filed an amendment to his petition, in
which, among other things, he added the following to the
prayer:   "Or that, if said deed is found to be valid and le-
gal, that the defendant, Arts, be compelled to convey to this
plaintiff lot six, in block fifty-nine, in the seventh addition
to Carroll, Iowa, and that he have judgment against defend-
ant for four thousand dollars, with interest thereon at six
per cent. from the 23d day of July, 1898, and a vendor's
lien upon lots 6, 7, 8 and 9, in block 79, in the Eleventh
addition to Carroll, Iowa."   Defendant filed a motion to
strike the amendment, which was sustained, and exception
taken.   Defendant's answer was, in effect, a general denial,
and a further plea that, after the transactions complained of
occurred, plaintiff, with full knowledge of the circumstances,
commenced action to recover the purchase price, and thereby
elected to treat the sale as valid.   To this plaintiff replied,
stating that the suit was commenced by Parks without his
knowledge or authority, and that, as soon as he learned of
the suit, he caused it to be dismissed.   After plaintiff filed
his amendment to the petition, defendant filed a further
answer, pleading that plaintiff had elected to treat the deed
as a nullity in bringing this suit, and that he was not en-

titled to the relief prayed in the amended petition; and further pleaded that by reason of the filing of said amendment plaintiff ratified the exchange, and could not sue to recover possession because of the non-delivery of the deed. Plaintiff moved to strike this second amendment because filed too late. This motion was overruled. He thereupon filed a demurrer to all the affirmative allegations of the answer. This demurrer was submitted with the main case, and apparently overruled, for the decree was for defendant. As no error is assigned on the rulings on plaintiff's motion to strike and on the demurrer, they must be accepted as correct. The case was tried as in equity, and comes to us for trial *de novo;* but rulings on motions or demurrers cannot be reviewed unless error be assigned thereon. *Pawers v. O'Brien County,* 54 Iowa, 501; *Patterson v. Jack,* 59 Iowa, 632. In connection with appellant's argument we find an assignment challenging the ruling on defendant's motion to strike the amended prayer to the petition. This is sufficient to bring the ruling before us for review. *University v. Livingston,* 57 Iowa, 307. The question presented seems to be ruled by *Humphrey v. Ringler,* 94 Iowa, 185, where it is expressly held that a prayer that a deed be set aside for fraud; or, if it be held valid, that the contract price be recovered, and a vendor's lien given, is neither inconsistent nor contradictory. Following that case, it must be held that the ruling on the motion was erroneous. See, also, *Peck's Ex'r. v. Price* (Ky.) (4 S. W. Rep. 306; *Henry v. Meighen,* 46 Minn. 549 (49 N. W. Rep. 323, 646); *Hiatt v. Parker,* 29 Kan. 765; *Railroad Co. v. Steinfield,* 42 Ohio St. 449; *Barlow v. Scott,* 24 N. Y. 45.

We come now to the merits of the case. The defendant made no motion to transfer, and the case was tried as in equity. It is now asserted that, if plaintiff did not show himself entitled to equitable relief, he cannot recover, although, under the facts pleaded and evidence adduced, he might have had relief at law. While

this may be true in some cases, it is not so here. The facts
recited, if proven, entitle plaintiff to a judgment for the
possession of the property. He asked such relief in his pe-
tition, and if the facts justified, was entitled to it. Code,
section 3775, provides that "the relief granted to the plain-
tiff, if there be no answer, cannot exceed that which he has
demanded in his petition." In any other case the court may
grant him any relief consistent with the case made by the
petition and embraced within the issues. See, also, *Iler v.
Griswold,* 83 Iowa, 442; *Laverty v. Sexton,* 41 Iowa, 435;
*Wilson v. Miller,* 16 Iowa, 111; *Hoskins v. Rowe,* 61 Iowa,
180; *Rees v. Shepherdson,* 95 Iowa, 431; *McLachlan v.
Town of Gray,* 105 Iowa, 259, relied on by appellee, is not
in point. There the proceeding adopted could not have
been maintained in any forum. Defendant's contention
that plaintiff had a plain and adequate remedy at law, and
that the court properly dismissed the petition for that rea-
son, is fully met by what we have already said. But we are
not prepared to hold that plaintiff, under the facts stated,
had no remedy in equity. He had the right to have the
cloud removed from his title, and to have the deed canceled.
Equity alone could grant this relief. *Peirsol v. Elliot,* 6
Pet. 95 (8 L. Ed. 332); *Hamilton v. Cummings,* 1 Johns,
Ch. 517; *Larsen v. Burke,* 39 Iowa, 703; *Montgomery v.
Shockey,* 37 Iowa, 107; *Hosleton v. Dickinson,* 51 Iowa,
244; *Dederer v. Voorhies,* 81 N. Y. 153; *Beere v. Beere,* 79
Iowa, 555; *Hood v. Smith,* 79 Iowa, 621. The evi-
dence shows that shortly after the transactions in
question occurred that Park commenced action in the
name of Hogueland for specific performance of the contract.
This is claimed to be an election to treat the contract as
valid, and a bar to the suit to recover possession of the prop-
erty transferred to defendant. Had that action been com-
menced by authority of plaintiff, it would, perhaps, be a bar
to his action to recover possession of the premises on the
ground of fraud. But, as that suit was dismissed, it would
not bar this action so far as it asks specific performance of

the contract. We are constrained to hold that Park had no authority to commence that action, and as plaintiff dismissed it as soon as he discovered it had been brought, it should not be treated as an election, and is no bar. A careful reading of the evidence convinces us, however, that the minds of the parties never met on the contract. Park stated that he wanted $4,000, and Arts said he would give $3,500, in addition to his property. The deed was delivered to Wahl or to Arts on Park's assumption that he was to get $4,000 in cash, and Arts understood—if he had any understanding about it—that he was to give $3,500. With nothing more said, Arts affixed the proper revenue stamps to the deed, canceled them in the name of plaintiff, filed the deed for record, and immediately moved into the property. Clearly, there was no exchange. There was no such delivery of the deed to Arts as to make it effectual to transfer title. It was left in the custody of one Wahl, and Park promised to return in a few days, close up the transaction, get his deed from Arts, and the money that he (Arts) was to pay. Arts looked at the deed when it was first made out, and handed it back to Park; and thereafter Park returned with the deed, and left it in the custody of Wahl, as stated. In any event, the minds of the parties did not meet in the transaction, and the taking and recording of the deed constitutes a cloud on plaintiff's title, and entitles him to a cancellation of the instrument. Had there been a meeting of the minds, and a delivery of the deed, the case would present a different aspect. But there was no meeting of the minds, and no delivery of the deed. Of course, a delivery to the grantee pursuant to contract passes the title for such a delivery cannot be escrow. But delivery involves not only the actual passing of the instrument, but also an intent to make it effectual. There was no such intention in this case. *Steel v. Miller,* 40 Iowa, 402; *Moody v. Dryden,* 72 Iowa, 461; *Hutton v. Smith,* 88 Iowa, 238; *Head v. Thompson,* 77 Iowa, 263; *Jackson v. Lynn,* 94 Iowa, 152. There should have been a decree cancelling the deed, and a judg-

ment finding plaintiff entitled to the possession of the property, and ordering the surrender of the same by defendant. The case will be remanded for a decree in harmony with the opinion, or, at plaintiff's option, he may have such a decree in this court.—REVERSED.