MARY A. LESSENICH, v. WARREN SELLERS, Appellant, AND MERCHANTS' NATIONAL BANK.

Vendor and Purchaser: ASSIGNMENTS OF ERROR IN EQUITY: CHANGE OF VENUE. Any ruling of the trial court which involves the right to a hearing on the merits must be specially assigned in an equitable as in a law action to be reviewed on appeal. A ruling on a motion for change of venue must be so assigned to be considered.

Abstract of Title: SPECIFIC DEFECTS: REJECTION OF: WAIVER. Where a vendor of real estate agrees to furnish, with the deed, an abstract showing perfect title, the vendee, on examination, is not bound to point out the specific defects but may reject it in its entirety, and a retention of the abstract for four days for this purpose is not such delay as will constitute a waiver of defects,

Cash Payment: INTEREST. Where the contract required a cash payment and completion of the deed in thirty days, the vendor was not chargeable with interest on the cash payment until the expiration of the thirty days,

*Appeal from Woodbury District Court.*—HON. FRANK R. GAYNOR, Judge.

FRIDAY, JANUARY 30, 1903.

APRIL 22, 1897, the plaintiff entered into a written contract with defendant by the terms of which she agreed

to convey to him three lots, with flats thereon, in Sioux City, for 1,770 acres of land in Cherokee county, subject to incumbrance of $6,000, and to pay in difference $4,000 in cash and $12,000 upon the completion of the deal. Each agreed to convey to the other by warranty deed, "with abstract showing perfect title." "Each of the above parties agree to place their respective deeds in the Merchants' National Bank of Sioux City, Iowa, until the abstracts are completed ,or the deal is to be completed, on or before thirty (30) days from date. * * * The said Mary A. Lessenich is to give the rents to the said Warren Sellers of all her property from May 1st, 1897, and the said Warren Sellers is to give possession of his property in March 1st, 1898, according to a lease thereon." Each party signed and acknowledged deeds to the other and deposited them with contract in said bank. The plaintiff paid $3,400 down, and shortly afterwards defendant forwarded abstracts of his land, which were handed by agents, without plaintiff's authority, as she claimed, to an attorney for examination. In a memorandum the attorney pointed out certain incumbrances which should be removed, and this was forwarded to Sellers, who made the required corrections. Plaintiff then demanded the abstract in order to submit them to her attorney, and they were delivered to the latter May 17th; and on the 21st of that month he dictated a letter to defendant, which she signed and mailed to the effect that she revoked the agreement on the following grounds: (1) That it was obtained by fraud; (2) that the abstracts failed to show perfect title; and (3) that the abstracts affirmatively showed it beyond defendant's power to so correct them as to exhibit perfect title; and demanded the return of the money paid. Thereafter, as the petition alleges, but subsequent to the lapse of thirty days within which the transaction was to be closed, defendant contracted to exchange his land to one Shepard, and on the 18th day of August, 1897, this action was begun

by plaintiff to recover the amount she had paid, with interest. The petition further averred that the place of performance was in Woodbury county; that defendant claimed an interest in her lots; and prayed, in addition to recovery of the money, that the contract be canceled, and that the bank deliver back her deed, and the defendant be decreed to have no title or interest in the lots. The defendant moved that the cause be transferred to the county of his residence, but this was denied. He then answered, and upon hearing the relief prayed was granted. He appeals.—*Modified* and *affirmed.*

*E. C. Herrick* and *Lewis & Lewis* for appellant.

*T. F. Bevington* for appellee.

Ladd, J.—The plaintiff, at the beginning of this action, was a resident of Woodbury county, where the defendant bank also was located. The defendant Sellers was a resident of Cherokee county, and to it he moved the cause be transferred on the ground of such residence, that he was the sole party in interest, and that the bank was in no wise interested in the controversy. The contract stipulated that "each of the above parties agree to place their respective deeds in the Merchants' National Bank of Sioux City, Iowa, until the abstracts are completed, or the deal is to be completed, on or before thirty days from date." The only possible interest the bank had in the transaction was as custodian of these deeds. The petition alleged that Sellers had put performance beyond his power, and failed to aver refusal of the bank to deliver plaintiff's deed to her upon demand. Affidavits were filed to the effect that Sellers made no claim to the deed, and had not done so for some time prior to the beginning of the action. As the bank made no appearance or objection to the transfer, much might be said in support of appellant's contention. *Railway Co. v. O'Neil,* 81 Iowa, 463;

*Mill Co. v. Bowen*, 7 Iowa, 465.   Unfortunately for him,.

1. EQUITY: however, the ruling has not been challenged
change of
venue: as- in the manner essential to invoke the juris-
signments of
error. diction of this court.   The constitution pre-
scribes two methods of trial: "The supreme court shall
have appellate jurisdiction only in cases in chancery and
shall constitute a court for the correction of errors at law
under such restrictions as the General Assembly may by
law prescribe."   Section 4, article 5.   The jurisdiction
thus conferred in equity suits is that possessed by chancery
courts at the time of the adoption of the constitution, and
in the absence of restrictions, an appeal brings the whole
case before us for review and the retrial of facts as well
as the law.   See 2 Encyclopedia, Pleading & Practice, 31.
Hence errors of any character which do not involve the
power of the court to finally dispose of the case need not
be assigned.   Thus rulings on the admissibility of evidence
contained in the record may be reviewed without assign-
ment of error, for the evidence is before the court to con-
sider or reject, according to its conclusion.   *Smith v.*
*Wellslager*, 105 Iowa, 140.

So, too, the ruling on a motion or demurrer may be
reviewed in passing on the merits when the propriety of
finally disposing of the case is not involved.   But it seems
to be quite well settled in this state that rulings which go
to the very right to a hearing *de novo* and a determination
on the merits cannot be questioned without an assignment
of error.   As said in *Powers v. O'Brien County*, 54 Iowa,.
501, after referring to several statutes: "When an equit-
able case is tried anew upon an appeal to this court, that
is ordinarily an end of the controversy.   It is a trial anew
of the whole controversy between the parties.   But where
there is an appeal from an order sustaining or overruling
a demurrer or motion, and there has been no trial anew
in this court of the whole controversy, the general rule is
that the cause is left in such condition as to require that

it be remanded for a trial in accord with the opinion of this court." See, also, to the same effect, *Patterson v. Jack*, 59 Iowa, 632; *Bank v. Pottorfe*, 96 Iowa, 354; *Hogueland v. Arts*, 113 Iowa, 634; *Marshall v. Westrone*, 98 Iowa, 324; *Fink v. Mohn*, 85 Iowa, 739; *Clark v. Raymond*, 84 Iowa, 251; *McLuen v. District Township*, 82 Iowa, 742.

In these decisions some importance is attached to standing on the ruling, but this can make no difference. If the error is such that it resulted in denying a hearing on the merits when such hearing ought to have been granted, or awarded that right when it should have been denied, it is an error at law, and must be assigned before becoming the subject of review. To illustrate: A division of the petition is stricken on motion or held insufficient on demurrer, and the plaintiff insists that he was thereby deprived of a hearing on a meritorious claim. His contention is not simply that the ruling was erroneous, but also that because of it he has been deprived of the hearing the law guaranteed him. So, too, where evidence has been excluded by the trial judge and is not contained in the record. If material and admissible, the ruling has precluded a hearing on the merits. The same effect would follow the reversal of a ruling which has sustained the transfer of a cause to the equity side of the calendar or denied a transfer to the law side. In such cases the errors do not inhere in the trial *de novo*, but go to the extent of depriving this court of its appellate jurisdiction, and therefore are purely errors of law. In the instant case the denial of the change of venue, if deemed erroneous, would end the power to hear on the merits, and result in remanding the cause for a new trial.

The unfailing test in determining the advisability of assigning errors in an equity case is found in answering whether the right to a hearing on the merits is challenged. If any ruling, whether on a motion or demurrer or in rejecting evidence, involves the right of this court to hear

and finally dispose of the case, the error must be assigned. If, notwithstanding the alleged error, this court may finally dispose of the case on its merits, then it is entirely unnecessary to assign error in order to have it reviewed. It follows that we may not pass upon the ruling by which the change of venue was denied because of the failure of appellant to properly assign error.

II. The defendant forwarded the abstracts of title to the land to Gruensel & Lessenich, at their request, and they submitted them to an attorney for an opinion. He returned an unsigned memorandum, pointing out certain incumbrances necessary to be removed. The corrections required were subsequently made by Sellers. But the plaintiff denied that was done with her authority. On this issue the evidence is in sharp conflict, and we are inclined to the view that she reserved the right to have the abstracts inspected by an attorney of her own selection. Accordingly the abstracts were delivered to her for this purpose May 17th, and rejected four days later. No requisitions were made as a result of this examination. She rejected them in their entirety as not exhibiting perfect title. It cannot be said that they were unreasonably detained, as there were eleven chains of title to investigate. The title was to be exemplified by perfect abstracts; that is, papers prepared by skilled searchers of the records, showing the origin, course, and incidents of the title thus exhibiting them. Under the agreement it was not enough that the title be in fact perfect; it must appear to be such on the records of the county as epitomized in the abstracts. As argued by appellant, the practice generally prevailing is for him to whom the abstract is to be furnished for inspection to point out the defects claimed and afford the other party an opportunity to correct them. Warvelle, Abstracts, 4; 1 Am. & Eng. Enc. Law, 215. Doubtless, if retained an unreasonable length of time without objection, defects

2. ABSTRACT of title: specific defects: rejection of: waiver.

therein, if any, are to be treated as waived. So the making of specific requisitions may be deemed as a waiver of others not mentioned. See *Stevenson v. Polk*, 71 Iowa, 278; *Papin v. Goodrich*, 103 Ill. 86. But we have discovered no case holding that, in the absence of any waiver, the vendee to whom the vendor has agreed to accompany the deed with an abstract showing perfect title is bound at his peril to point out his objections specifically in order to insist on a breach of the agreement. The contract requires an abstract of a stipulated character, and until such an one was furnished the agreement had not been performed. As tending to support this conclusion, see *Smith v. Taylor*, 82 Cal. 533 (23 Pac. Rep. 217); *Howe v. Hutchinson*, 105 Ill. 501; *Kane v. Rippey*, 22 Or. 296 (23 Pac. Rep. 180).

III. We shall not enter into a discussion of the numerous defects alleged in these abstracts. To most of the criticisms the appellant has offered no suggestions. In view of this condition of the record we prefer to base our finding upon the conclusion, reached after a careful examination of the record, that no injury resulted to defendant from the alleged breach of the contract. In appellant's argument the estimates of various witnesses are averaged and balanced; but we think such evidence, when weighed in the light of the knowledge and experience of the several witnesses, failed to show that defendant was obtaining any more

3. CASH payment: interest.

from plaintiff than his land was really worth on the market at the time. Through evident inadvertence the decree allows interest from the time of payment to Sellers. During the thirty days permitted for consummating the deal he rightly held the money, and should not be charged with interest within that time, but from its expiration. With this slight modification the decree will be affirmed, at appellant's costs.—MODIFIED and AFFIRMED.