# H. L. HOWARD and Another v. WILLIAM ERBES and Others.[1]

December 2, 1910.

Nos. 16,944—(199).

**Complaint — demurrer.**

A complaint containing a statement of facts showing plaintiff entitled to some relief is not demurrable, as improperly joining two causes of action, because alternative relief is demanded.

[1]Reported in 128 N. W. 674.

Same — action to determine adverse claims.

> A complaint alleging title in the plaintiff and possession in defendant, and demanding that plaintiff be adjudged entitled to possession, does not initiate the statutory action to determine adverse claims.

Action in the district court for Jackson county by the administrators of the estate of John L. Howard, deceased, for relief, as stated at the end of the second paragraph of the opinion. From an order, Quinn, J., sustaining defendants' separate demurrers to the complaint, plaintiffs appealed. Reversed with leave to defendant to apply to the district court for leave to answer within ten days after the filing of the remittitur from this court.

*Knox & Faber,* for appellants.

*O. Thoreson* and *E. H. Nichols,* for respondents.

O'BRIEN, J.

Each of the defendants demurred to the complaint upon the grounds (1) that several causes of action were improperly united; (2) that the complaint failed to constitute a cause of action. The demurrers were sustained, and plaintiffs appeal.

The complaint alleged the ownership on December 8, 1902, by defendant William Erbes, of certain real estate then subject to two mortgages; that on December 5, 1907, William Erbes and wife, for a consideration of $2,500, sold and conveyed the land by warranty deed to John L. Howard, who subsequently paid both the mortgages; that on March 31, 1908, William Erbes and wife executed a quitclaim deed of the same land to Anders C. Quevli, who on the same day executed a lease of the land for two years to William Erbes, and afterwards, on November 5, 1908, executed a warranty deed of the premises to Andrew A. Quevli, who, it is alleged, is now in possession of the premises. John L. Howard died intestate April 9, 1909, leaving his mother, the plaintiff Loretta Howard, his sole heir at law. The plaintiffs H. W. Howard and Thomas O. Howard were appointed administrators of the estate. The complaint then alleged upon information and belief that William Erbes and wife claim the deed from them to John L. Howard to have been a mortgage to se-

cure the payment of $2,500, leaving the equitable title in said William Erbes, and that defendant Andrew A. Quevli claims to be the owner of the land under the subsequent deeds already mentioned, and claims, further, that plaintiffs have no interest in the land, except as mortgagees, and refuses to surrender possession. The complaint contains an allegation denying that the deed to Howard was intended as a mortgage, and judgment is demanded, decreeing (1) that at the time of his death John L. Howard was the owner in fee of the land; (2) that the administrators are entitled to the immediate possession of the premises; (3) that the title be quieted in the plaintiff Loretta Howard, as the heir at law of John L. Howard; and (4) that, if the court should find the deed to Howard to have been intended as a mortgage, the amount due thereon be determined, and the mortgage foreclosed.

The complaint sets out with great particularity the transactions by reason of which plaintiffs claim to be entitled to relief, and unless claiming alternate relief constitutes setting up two causes of action, it cannot be said that more than one cause of action appears in this complaint. It is true, as suggested by the trial court, that the defendants, or one of them, being in possession of the land, the statutory action to determine adverse claims is not available; but, fairly construed, the complaint, by alleging the deed to Howard to have been an absolute conveyance of the fee, stated a cause of action in ejectment. The complaint then proceeds to anticipate a possible defense of the defendant in possession of the land, viz., his claim that the deed to Howard was only a mortgage, and asks, if that be found true, for a foreclosure of the mortgage. This amounts to no more than a statement of all of the facts upon which any claim the plaintiffs may have must be based, and a demand for appropriate relief. If the claim that the deed to Howard was in fact a mortgage had first appeared in the answer, it is plain plaintiff could in his reply have asked for appropriate relief, should the defense be found true.

It is true the administrators might have brought the ordinary action in ejectment. Upon the other hand, there is no question that under the allegations of the complaint they might have demanded the foreclosure of the mortgage as the sole relief. But we see no reason

112 M.—31.

why the entire controversy between those parties as to this land should not be settled in one action, wherein all of the persons interested are made parties. No one will be deprived of any substantial right in such action. By proper proceedings either party may have a specific question of fact submitted to a jury. If, as a result, it is determined that the deed to Howard was intended and operated as a conveyance of the fee, a second trial of the action under the statute giving that right in actions for ejectment could undoubtedly be obtained. If, upon the other hand, the only relief to which plaintiffs are entitled is a foreclosure of the mortgage, the allegations of the complaint are sufficient to support a judgment to that effect.

Our conclusion is that the complaint, setting forth all of the facts and asking for relief in the alternative, does not attempt to set forth two causes of action, but only a cause for one or the other form of relief. The same line of reasoning leads to the conclusion that each of the defendants is a proper party, and that the complaint states a cause of action as to each. Connor v. Board of Education, 10 Minn. 352 (439); Lockwood v. Bigelow, 11 Minn. 70 (113); Colstrum v. Minneapolis & St. L. Ry. Co., 31 Minn. 367, 18 N. W. 94; Henry v. Meighen, 46 Minn. 548, 49 N. W. 323, 646.

The order appealed from is reversed, with leave to defendants to apply to district court for leave to answer within ten days after the filing of the remittitur from this court.