J. E. CRANDALL et al., Appellants, v. NELLIE JACOBS, Appellee.

**VENDOR AND PURCHASER:** Performance of Contract—Defective Abstract of Title. A vendor who has agreed to furnish an abstract which will show (1) title of a specified quality, and (2) full compliance with the contract of sale, may not throw upon the purchaser the burden of specifying just wherein the abstract is faulty, but must, at his own peril, furnish the kind of abstract which he has agreed to furnish, before he will be permitted to enforce the contract.

*Appeal from Poweshiek District Court.*—CHARLES A. DEWEY, Judge.

NOVEMBER 14, 1922.

REHEARING DENIED FEBRUARY 17, 1923.

ACTION upon a promissory note. Verdict and judgment for defendant, by direction of the court. Plaintiff appeals.—*Affirmed.*

*Lewis & Dickson, D. C. Waggoner,* and *L. T. Shangle,* for appellants.

*R. J. Smith* and *J. W. Carr*, for appellee.

STEVENS, C. J.—This is an action upon a promissory note for $2,000, bearing date July 10, 1919, signed by Frank and Nellie M. Jacobs, and payable to appellants. The note was executed contemporaneously with and as part of a written contract for the sale and exchange of real properties. By the terms of the contract, appellants agreed to convey a certain 63-acre tract of land to Frank and Nellie Jacobs, in exchange for two town lots in Montezuma, Iowa, and other consideration. The 63-acre tract was to be conveyed subject to a mortgage of $5,000, with interest at 6 per cent from March 1, 1920, which Frank and Nellie M. Jacobs agreed to assume and pay, as part of the purchase price. They also agreed to convey the Montezuma property to appellants, subject to a mortgage of $2,500, which appellants agreed to assume and pay as part of the purchase price, with interest thereon at 6 per cent from March 1, 1920. They agreed, also, to pay $1,500 in cash on March 1st, and to execute a note to appellants for $5,400, secured by mortgage upon the 63-acre tract, with interest at 5 per cent, due March 1, 1930, with the option of paying $100 at any time. The note is, in form, a negotiable promissory note, except for the following provision therein:

"This note is given upon the condition that if a certain contract of sale of real estate executed between the makers hereof and the payees is fulfilled this note to be void, otherwise in force."

Before the time came for the consummation of the contract, Frank Jacobs died, and this action is against Nellie M. Jacobs alone. The plaintiffs alleged in their petition that the written contract for the sale and exchange of the respective real properties was not fulfilled or carried out by appellee, and that, by the terms of the said contract and note, the note became forfeited to appellants; and they demanded judgment for the amount thereof, with interest, and attorney fees.

The defendant, for answer, admitted the execution of the note, and averred that the same, together with a note for a like amount, executed by appellants to appellee for the same purpose, was delivered to the Montezuma Savings Bank in escrow,

to be held by said bank, subject to the terms of said contract; that appellants did not, on the first day of March, 1920, nor at any time thereafter, tender or offer appellee a warranty deed and abstract showing title as required by said contract; that appellants have at all times been in default; that, therefore, appellants never acquired title to said note; and that, because of their failure to comply with said contract, no action accrued thereon.

Appellants agreed, as a part of the written contract, to furnish appellee an abstract showing title free of all liens and incumbrances, except a mortgage of $5,000, with interest thereon from March 1, 1920. An abstract was delivered by appellants to the attorney for appellee in due time, together with a deed conveying the 63-acre tract to T. F. and Nellie Jacobs, subject to a mortgage of $5,000, with interest at 6 per cent from March 1, 1920, and also to a second mortgage of $5,400, with interest at 5 per cent from March 1, 1920. On March 2d, J. W. Carr and R. J. Smith, attorneys, representing appellee, wrote a letter to appellants, advising them that appellee declined to consummate the contract, giving as a reason therefor the failure of appellants to furnish an abstract showing title, as agreed, on March 1st.

Attorneys for appellee did not, in their letter to appellants, point out the specific defects in the abstract of which they complained, but stated generally that it did not show a merchantable or marketable title, or the quality of title called for in the contract; and that it did not comply with the provisions of said contract.

The specific defects now pointed out by counsel for appellee are, in substance, that the abstract failed to show that any of the instruments noted thereon had been acknowledged; that it in fact showed three mortgages: the $5,000 mortgage, the $5,400 mortgage, and an unrecorded $2,000 mortgage; that, by the terms of the contract, appellee agreed to assume and pay interest on the $5,000 mortgage only from March 1, 1920, and that the abstract did not show the payment of interest thereon to said date; that the abstract did not show that the $5,400 mortgage contained a clause for optional payments; and that it further failed to show the payment of taxes.

The original abstract is before us, and it appears, from an examination thereof, that it was defective in all of the particulars claimed. By the contract, Frank and Nellie Jacobs agreed to assume and pay a $5,000 mortgage, then on the 63-acre tract, with interest at 6 per cent from March 1, 1920. The deed tendered, as stated, was subject to two mortgages, with interest from March 1, 1920. Whether the $5,400 mortgage in fact provided for optional payments is not disclosed. Appellee does not, in argument, particularly complain because the $5,400 mortgage was executed by appellants to a third party, instead of leaving it to appellee to execute a mortgage for that amount to appellants, but she does insist that, in any event, the mortgage and note already executed, or to be executed by her, were to provide for optional payments. The contract clearly so provided. The abstract shows that a mortgage on the 63-acre tract for $361.14, dated September 28, 1912, was given, subject to a first mortgage of $2,000. The abstract does not show a mortgage lien of $2,000 on said premises, and it is now insisted by appellants that no such mortgage ever existed. The reference in the abstract called for an explanation. No evidence or other showing was made or offered upon the trial as to what became of the mortgage, nor was there any explanation of the reference thereto, if any in fact existed.

In addition to the above matters, the abstract should have shown the payment of the interest on the $5,000 mortgage to March 1st, together with the payment of all taxes that might be a lien upon said property; or other satisfactory proof of such payment should have been tendered. *Fagan v. Hook,* 134 Iowa 381; *Billick v. Davenport,* 164 Iowa 105; *Lessenich v. Sellers,* 119 Iowa 314. The duty of furnishing an abstract and conveyance in substantial compliance with the contract rested upon appellants, and appellee was not required to point out the defects therein, as contended by counsel for appellants. *Lessenich v. Sellers,* supra.

The only evidence offered upon the trial was for the purpose of showing the default of the parties on the date fixed for the consummation of the written contract. Appellee made no attempt or tender of performance. On April 16, 1920, appellants served appellee with a notice of their intention to forfeit

the contract, as provided by statute. Appellee pleaded, and now insists, that by this action appellants waived all claim or right under said contract to the note in suit, or to damages. It is unnecessary to a decision of this case, and we therefore express no opinion on this point.

The reference in the contract to the notes executed by the respective parties and delivered to the Montezuma Savings Bank is as follows:

"It is also understood and agreed that a note for the sum of $2,000 has been executed by each of the parties, conditioned that if either party shall fail to carry out the agreements of this contract said note shall become due and collectible as against such other parties defaulting. This contract and said note to be left in escrow at the Montezuma Savings Bank, Montezuma, Iowa."

The failure of appellee to comply with the contract did not, in itself, operate as a forfeiture of the note, nor give appellants a right of action thereon. The contract was mutual, and all parties were bound to perform its terms. If both parties were in default, neither could assert a claim to the note executed for the benefit of such party. Clearly, appellants were in default. The title shown by the abstract manifestly did not meet the substantial requirements of the contract. Therefore, no right of action upon the note accrued to them, and the court below properly directed a verdict in favor of the defendant.—*Affirmed.*

EVANS, ARTHUR, and FAVILLE, JJ., concur.